**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LAUREN MICHELLE CRABTREE | ) | CASE NO. 09-33074 |
| | ) | |
| Debtor | ) | CHAPTER 7 |
| | ) | |
| _____ | ) | |

**MEMORANDUM**

This matter comes before the Court on the Motion to Sell Estate Property and the Motion to Shorten Time for Objections both filed by the Chapter 7 Trustee, Michael E. Wheatley. In the motion to sell, the Trustee seeks authority to sell real property located at 3922 Nanz Avenue, Louisville, KY 40207. The Trustee intends to sell this property to Dr. & Mrs. Garrett Crabtree for $156,000.00. In the motion to shorten time, the Trustee requests that the normal twenty (20) day objection period be reduced down to ten (10) days. As grounds, the Trustee simply states that the contract is contingent upon the sale closing by September 30, 2009.

First, with respect to the motion to shorten time, the Court finds the Trustee's reason insufficient to warrant reducing the objection period. If the buyers needed to close by a specific date, they should have contacted the Trustee sooner or reached an arrangement in time to allow for the normal notice period. The Court cannot truncate the due process notice requirements simply to satisfy the convenience of the buyers.

Secondly, with respect to the motion to sell, the Court notes that the debtor valued this property in Schedule A at $200,499.00. In Schedule D, the debtor indicates that the real property is subject to first and second mortgages totaling $200,499.00. The Court also notes that the debtor listed this property in Schedule C exemptions. In that Schedule, the debtor exempted $10,100.00 on this real property. These figures taken together compels the Court to inquire why the Trustee is selling this property for $156,000.00, and what, if any, benefit can go to the bankruptcy estate. To date, neither the debtor nor the Trustee has objected to the mortgages, or otherwise challenged

their validity. Nor has the Trustee challenged the debtor's claim of exemptions. To allow the Trustee to address these concerns, the Court will set the motion to sell for hearing.

*David T. Stosberg*
United States Bankruptcy Judge

Dated: September 18, 2009

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LAUREN MICHELLE CRABTREE | ) | CASE NO. 09-33074 |
| | ) | |
| Debtor | ) | CHAPTER 7 |
| _____ | ) | |

**ORDER**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference;

It is hereby **ORDERED** that the Motion to Shorten Time for Objections is **OVERRULED**. The motion to sell will be notice for objection pursuant to the time period set forth in Fed. R. Bankr. P. 2002.

It is further **ORDERED** that a hearing will be held on the motion to sell on <u>October 27, 2009 at 9:00 a.m. EST, 5th Floor, Courtroom #3, Gene Snyder Courthouse, 601 W. Broadway, Louisville, Kentucky.</u>

David T. Stosberg
United States Bankruptcy Judge

Dated: September 18, 2009